UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>422 29TH LLC,<br><br>    Defendant. | Case No. 24-cv-01184-PHK<br><br>**ORDER TO SHOW CAUSE RE: SUPPLEMENTAL JURISDICTION** |

On February 27, 2024, Plaintiff David Robinson filed the Complaint in this action against Defendant 422 29th LLC ("Defendant") alleging claims under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and under the Unruh Civil Rights Act, California Civil Code §§ 51–53. [Dkt. 1]. These claims stem from alleged barriers Plaintiff Robinson encountered while he visited Kefa Coffee ("Kefa Coffee") located at Defendant's alleged property 422 29th Avenue in Oakland, California. *Id.* at 2–3. Defendant has not appeared in this action, and clerk's default has been entered. [Dkt. 12]. On September 10, 2024, Plaintiff Robinson moved for default judgment. [Dkt. 20].

The Court **ORDERS** Plaintiff Robinson **TO SHOW CAUSE** why the Court should not decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (holding that the district court properly declined to exercise supplemental jurisdiction over Unruh Act claim). Under the Unruh Act, California created a state law cause of action that relies on the ADA's substantive rules but expands the remedies available in a private action to "actual" and treble damages. *See Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021). "In response to the resulting substantial volume of claims asserted under the Unruh Act, and

the concern that high-frequency litigants may be using the statute to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others, California chose . . . to impose filing restrictions designed to address that concern." *Id.* at 1211–12. These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

In addition, California also imposed limitations on "high-frequency litigants," which is defined as "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(1). The definition of "high-frequency litigants" also extends to attorneys. *See id.* § 425.55(b)(2). "High-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *Arroyo*, 19 F.4th at 1207 (citing Cal. Gov't Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A)).

By enacting these restrictions on the filing of construction-related accessibility claims, the California Legislature has expressed a desire to limit the financial burdens California businesses may face for claims for statutory damages under the Unruh Act. *Id.* at 1206–07, 1212. The Ninth Circuit has also expressed "concerns about comity and fairness" by permitting plaintiffs to file these actions in federal court to circumvent "California's procedural requirements." *See Vo*, 49 F.4th at 1171–72.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction. *Id.* § 1367(c). Such discretion may be exercised "[d]epending on a host of factors" including "the circumstances of the

1    particular case, the nature of the state law claims, the character of the governing state law, and the
2    relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522
3    U.S. 156, 173 (1997).  Since *Arroyo* and *Vo*, district courts have frequently declined to exercise
4    supplemental jurisdiction over state law claims brought under the Unruh Act and other California
5    disability access statutes.  *See, e.g.*, *Sepulveda v. Kobaree*, No. 23-CV-02368-RS, 2023 WL
6    5020267, at *2 (N.D. Cal. Aug. 4, 2023); *Gilbert v. Singh*, No. 121CV01338AWIHBK, 2023 WL
7    2239335, at *2 (E.D. Cal. Feb. 27, 2023); *Johnson v. Constantia Cap. Ltd.*, No. 22-CV-01456-RS,
8    2022 WL 3925290, at *2 (N.D. Cal. Aug. 30, 2022); *Garcia v. Maciel*, No. 21-CV-03743-JCS, 2022
9    WL 395316, at *3 (N.D. Cal. Feb. 9, 2022).

10        Here, a review of Plaintiff Robinson's prior cases from this District reveals that he has filed
11   at least **thirteen** actions alleging a construction-related accessibility violation within the twelve-
12   month period immediately preceding the filing of the current Complaint.  *Robinson v. Clarke Street
13   SL Property LLC*, 4:23-cv-00896-KAW (N.D. Cal. Feb. 28, 2023); *Robinson v. Lee*, 3:23-cv-00974-
14   SK (N.D. Cal. Mar. 3, 2023); *Robinson v. Yoon*, 23-cv-01107-AGT (N.D. Cal. Mar. 13, 2023);
15   *Robinson v. Helaiqa*, 3:23-cv-01455-AGT (N.D. Cal. Mar. 28, 2023); *Robinson v. Moheb*, 4:23-cv-
16   01990-DMR (N.D. Cal. Apr. 24, 2023); *Robinson v. Douglas Parking Company*, 3:23-cv-04695-
17   PHK (N.D. Cal. Sept. 13, 2023); *Robinson v. Hillside Holdings LLC*, 3:23-cv-04793-TSH (N.D.
18   Cal. Sept. 19, 2023); *Robinson v. Nguyen*, 3:23-cv-04801-TSH (N.D. Cal. Sept. 19, 2023); *Robinson
19   v. Goswamy*, 3:23-cv-05453-LB (N.D. Cal. Oct. 24, 2023); *Robinson v. Moorjani*, 24-cv-00060-
20   PHK, (N.D. Cal. Jan. 4, 2024); *Robinson v. Mohamed*, 3:24-cv-01181-TLT (N.D. Cal. Feb. 27,
21   2024); *Robinson v. Dobashi*, 3:24-cv-01186-SK (N.D. Cal. Feb. 27, 2024); *Robinson v. Kim*, 4:24-
22   cv-01166-KAW (N.D. Cal. Feb. 27, 2024).

23        This list of compiled actions does not include complaints in actions filed by Plaintiff
24   Robinson's counsel Richard Morin on behalf of other plaintiffs which should be included in the total
25   calculation.  Cal. Civ. Proc. Code § 425.55(b)(1) (The definition of "high-frequency litigants" also
26   extends to attorneys); *Arroyo*, 19 F.4th at 1207 (citing Cal. Gov't Code § 70616.5; Cal. Civ. Proc.
27   Code § 425.50(a)(4)(A)) ("High-frequency litigants" are subject to a special filing fee and further
28   heightened pleading requirements.).

3

Because these dockets are the Court's own files and records, this Court takes judicial notice of the cited actions. *See Norton v. LVNV Funding, LLC*, 396 F. Supp. 3d 901, 909 (N.D. Cal. 2019) (noting that "a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence.") (citation omitted).

Accordingly, the Court **ORDERS** Plaintiff Robinson to file a written response, no more than ten pages, double spaced (and otherwise complying with Civil L.R. 3-4), **TO SHOW CAUSE**, by **November 11, 2024**, as to why the Court should not decline to exercise supplemental jurisdiction over his state law claims. An inadequate response may result in the undersigned recommending that supplemental jurisdiction over Plaintiff's state law claims be declined and that they be dismissed without prejudice pursuant to 28 U.S.C. §1367(c). Additionally, the Court **SETS** an in-person hearing on this **ORDER TO SHOW CAUSE** for November 14, 2024, at 1:00 PM.

**IT IS SO ORDERED.**

Dated: November 1, 2024

_____
PETER H. KANG
United States Magistrate Judge